UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JIMMIE E. WILSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5:26-cv-273-CHB-MAS |
| | ) | |
| v. | ) | |
| | ) | **ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION** |
| LEXINGTON COMPOUNDING PHARMACY, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court on a Recommended Disposition by United States Magistrate Judge Matthew A. Stinnett, [R. 15], addressing Plaintiffs Jimmie E. Wilson and Carl Wilson's Motion to Remand to Fayette Circuit Court Pursuant to 28 U.S.C. § 1447(c), [R. 5], along with the Responses filed by Defendants New Lexington Clinic, PSC, and Kristina Cox, PA-C (collectively, the "Clinic Defendants"), [R. 10], and Defendants Lexington Compounding Pharmacy, Inc., Tod A. Adams, R.Ph., and Leslie Sexton, R.Ph. (collectively, the "Pharmacy Defendants"), [R. 12], and Plaintiffs' Reply, [R. 13]; *see also* [R. 14 (Order Referring Motion to Remand)].

Plaintiffs initiated this action by filing a five-count complaint in the Fayette Circuit Court. [R. 1-3]. The complaint alleges that Jimmie Wilson received a prescription for a compounded drug from the Clinic Defendants, that the prescription was fulfilled by the Pharmacy Defendants, and that the drug damaged Jimmie Wilson's liver, eventually requiring her to receive a liver transplant. [R. 1-3, ¶¶ 10–34]. In Counts 1–4 of the complaint, Plaintiffs raise state-law claims for negligence, negligence per se, products liability, and medical negligence. *Id.* ¶¶ 35–50. Plaintiffs' claims in those counts reference state and federal laws, as well as standards and guidance documents issued

by state and federal agencies. *Id.* ¶¶ 36–37, 40, 43, 48–49. In Count 5 of the complaint, Plaintiffs raise a state-law loss-of-consortium claim on behalf of Carl Wilson. *Id.* ¶¶ 51–54.

Before the Pharmacy Defendants were served, the Clinic Defendants removed the action to this Court, invoking this Court's federal-question and supplemental jurisdiction. [R. 1, pp. 4–5 (citing 28 U.S.C. §§ 1331, 1367, 1441, 1446)]. Plaintiffs timely moved to remand the action to state court, *see* [R. 5], and after the motion was fully briefed, *see* [R. 10]; [R. 12]; [R. 13], the Court referred the motion to Judge Stinnett for a recommended disposition, [R. 14 (citing 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b))]; *see also Vogel v. U.S. Off. Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (holding that motions to remand are governed by § 636(b)(1)(B)).

In the Recommended Disposition, Judge Stinnett explained that a defendant may remove a civil action to federal court only if the federal court would have had original jurisdiction over the action and that the removing party bears the burden of establishing jurisdiction. [R. 15, pp. 3–4]. Judge Stinnett then noted that federal-question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," *id.* at 4 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)), and that supplemental jurisdiction cannot exist unless "the Court already has original jurisdiction over at least one claim," *id.* at 17 (citing 28 U.S.C. § 1367(a)). Judge Stinnett further explained that where, as here, a plaintiff brings only state-law claims, federal-question jurisdiction exists "only if four requirements are met: (1) [a] federal issue must be necessarily raised; (2) it must be actually disputed; (3) it must be substantial; and (4) it must be capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 4–5 (citing *Gunn v. Minton*, 568 U.S. 251, 258 (2013)).

Judge Stinnett next noted that "[a] state-law claim necessarily raises a federal issue only when federal law is an essential element of the claim" and that "[i]f a complaint offers alternative

theories for a state-law claim and at least one of them does not involve a federal question, no federal issue is necessarily raised." *Id.* at 5 (citing *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir. 2007); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 759–60 (6th Cir. 2000)). Judge Stinnett then evaluated each of Plaintiffs' claims and concluded that Plaintiffs could establish liability on each claim by relying on Kentucky state law alone. *Id.* at 5–9 (citing, among other cases, *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 712–13 (6th Cir. 2012); *Dillon v. Medtronic, Inc.*, 992 F. Supp. 2d 751, 759–60 (E.D. Ky. 2014)). Judge Stinnett therefore concluded that a federal issue was not necessarily raised by Plaintiffs' complaint and, thus, that there was no basis for federal-question jurisdiction.[1] *Id.* at 9–10. And because there was no basis for federal-question jurisdiction, Judge Stinnett concluded that there was no basis for supplemental jurisdiction. *Id.* at 17. Accordingly, Judge Stinnett recommended that the Court grant Plaintiffs' Motion and remand this action to the Fayette Circuit Court. *Id.*

Judge Stinnett's Recommended Disposition advised the parties that any objections must be filed within fourteen days. *Id.* at 18; *see* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). That deadline has passed, and no party has filed an objections or sought an extension of time to do so.

The Court is not required to "review . . . a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also* 28 U.S.C. § 636(b)(1)(C) (limiting the scope of de novo review to "those portions" of a recommended disposition "to which objection is made"). Nevertheless, the Court has reviewed the record and agrees with Judge Stinnett's thorough analysis and ultimate recommendation.

[1] Judge Stinnett further explained that even if a federal issue had been raised by Plaintiffs' complaint and was actually disputed, that federal issue would be neither substantial nor capable of resolution without disrupting the federal-state balance approved by Congress. [R. 15, pp. 11–17].

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Magistrate Judge Stinnett's Recommended Disposition, **[R. 15]**, is **ADOPTED** as the opinion of the Court.
2. Plaintiffs Jimmie E. Wilson and Carl Wilson's Motion to Remand to Fayette Circuit Court Pursuant to 28 U.S.C. § 1447(c), **[R. 5]**, is **GRANTED**.
3. This matter is **REMANDED** to the Fayette Circuit Court and **STRICKEN** from this Court's active docket.

This the 23rd day of November, 2026.

Claria Horn Boom

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY